21404. PLEMMONS *v.* THE STATE.

Decided May 13, 1931.

*M. B. Eubanks,* for plaintiff in error.
*M. Neil Andrews, solicitor-general, Dean Owens,* contra.

BROYLES, C. J.  In the instant case the defendant was charged with murder and convicted of voluntary manslaughter.  His motion for a new trial was based upon the usual general grounds only, and the only question for determination is, was the verdict authorized by the facts of the case?  The evidence shows that the person killed was a policeman of the city of Rome, who, while walking with the defendant over a bridge about twenty feet above a creek, was pushed off the bridge by the defendant and received injuries which caused his death.  A warrant had been previously issued for the defendant's arrest, but the policeman did not have it with him when he approached the defendant a few minutes before the homicide and asked him (the defendant) to go with him, saying that he (the policeman) wanted to talk with him.  Thereupon the policeman and the defendant walked away together, and they were crossing the bridge, side by side, when suddenly the defendant pushed the policeman off the bridge and ran away, and he was later arrested in an automobile near Lindale, Georgia, while attempting to flee from the county.

In his statement to the jury the defendant said that the policeman came to him "and told me that he wanted to talk with me and we started off talking, and he told me that I was under arrest, and I

asked him for the warrant, . . and when I got there [on the bridge] I started to run, after I seen he wasn't going to show me no warrant, and he grabbed me by the arm, and I pushed him off, and he got overbalanced and fell off the bridge." There were other things in the defendant's statement that would have authorized the jury to find that when he pushed the officer from the bridge he had no intention of killing him. On the other hand, there was evidence adduced showing previous threats by the defendant against the policeman, and a verdict for murder would have been authorized. However, under those portions of the defendant's statement showing an illegal arrest of his person and an unprovoked assault made upon him by the officer (by grabbing his arm) when he started to run, the jury were authorized to find that immediately preceding the homicide the deceased made an actual assault upon the defendant, and that the defendant, in killing the officer, was not actuated by malice, but that the homicide was the result of a sudden and violent heat of passion, aroused in the defendant by the unlawful arrest and assault made upon him by the officer, and they were authorized to disbelieve that part of his statement in which he disclaimed having an intent to kill or injure the policeman; and they had the right to further find, from the evidence adduced, that the defendant, in suddenly and violently pushing the officer off the bridge, used more force than was apparently necessary to prevent an illegal arrest from being made on him.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*